## SNOW v. CROWE.

A STATEMENT ON MOTION FOR A NEW TRIAL NOT SIGNED BY THE PARTY or his attorney, proposing the same, the lines and pages of which are not numbered, and which is served only by copy, is not the "statement on motion for a new trial" required by statute, and the same was rightfully disregarded by the court below on the hearing of the motion. The appellate court will not review alleged errors occurring at the trial, unless embodied in a proper statement.

APPEAL by the defendant from an order of the third district court denying his motion for a new trial. The opinion states the facts.

*Arthur Brown*, for the appellant, argued that the motion for a new trial was made as much upon the record as upon the statement filed, and that by the record it appeared that error had occurred in the progress of the trial.

*R. B. Tripp*, for the respondent.

The proposed statement on motion for a new trial was not such as the appellant was permitted by the statute to file: Pr. Act, secs. 194, 195.

A position assumed by counsel for appellant. is that the motion was made upon the record and statement, meaning by the record the judgment roll, and this discloses error. To this we answer:

1. For the causes mentioned in their notice of. motion for a new trial, they could not move. on the judgment roll, but on affidavits and statement: See Record, p. 4; Comp. Laws, sec. 193, 194.

2. On an appeal from an order denying a new trial the court can not consider errors disclosed by the judgment roll. To do this the appeal must be from the judgment: *Thompson v. Patterson*, 54 Cal. 542; *Hatter v. Reid*, 25 Id. 477.

3. The matters they contend are parts of the judgment roll and disclose error we think do not constitute a part of it, because not among the things enumerated by section 203: See *Bachman v. Smith*, 1 Utah, 237.

The alleged errors should have been presented by affidavits and proper statement, and not having been so done, this court can not consider them, and the order must be affirmed.

TWISS, J.:

This is an appeal from the third district court. Several errors are alleged to have been committed by the court during the trial, which was by jury, but we pass upon none of them, for the reason that the case is not properly here. Under the direction of the court there was a verdict for the plaintiff. The record shows that the appellant filed with the clerk of the district court a paper which, in terms, was a statement on motion for a new trial, but it was not signed when filed either by him or by any attorney or other person for him. After the time allowed by statute to file such statement had expired, and after motion was made by plaintiff to strike the same from the files because of such defect, the defendant's attorney, McKnight, without leave of court or consent of the plaintiff, took the papers in the case, including the statement, from the clerk's office, signed the statement, and then returned them all to the place from whence he took them. Neither the pages nor the lines of the statement were numbered. A copy of such paper before it was signed, left with the plaintiff's attorney, was the only attempt to make service of it upon the respondent.

In these respects there was a failure on the part of the appellant to comply with the clear and express requirements of the statute. As he elected to stand upon the record thus made rather than to move for leave to make at the proper time the necessary amendments, the court below committed no error in disregarding such statement, and in overruling the motion for a new trial.

By the acts of the defendant's attorney in subtly taking the papers of the case from the clerk's office and signing the statement, and thus returning it to the place he took it from, he merited and became entitled to the rebuke and censure of the court, rather than his client thereby to new and enlarged rights in the case.

The judgment of the district court is affirmed.

HUNTER, C. J., and EMERSON, J., concurred.